**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**COURT FILE NO.: CV - ________________**

| | |
|---|---|
| Kimberly Koltcs f/k/a Kimberly Tune<br><br>Plaintiff,<br>v.<br><br>Erin Capital Management, LLC, Javitch Block & Rathbone, LLP and Christopher Cassidy<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

**PARTIES**

4. Plaintiff Kimberly Koltcz f/n/a Kimberly Tune is a natural person who resides in the Town of Orefield, County of Lehigh, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Erin Capital Management, LLC. (hereinafter "ECM"), is a business entity with an office located at 35 East 21st Street, 5th Floor, New York, New York 10010.

6. Defendant Javitch, Block & Rathbone, LLP (hereinafter "JBR"), is a business entity with an office located at 303 N. Alabama Street, Suite 340, Indianapolis, Indiana 46204.

7. Defendant Christopher Cassidy (hereinafter "Cassidy") is an individual/lawyer regularly engaged in the business of collecting debts with his principal place of business located at 303 N. Alabama Street, Suite 340, Indianapolis, Indiana 46204. Defendant Cassidy regularly attempts to collect debts alleged to be due another and acted in the capacity of a debt collector at all times relevant to this Complaint.

8. At all times relevant to this Complaint, ECM, JBR and Cassidy transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

9. Plaintiff Kimberly Koltcz f/k/a/ Kimberly Tune allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt with Citibank.

10. Plaintiff allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

11. In or around January 2007, Defendant ECM placed a call to Kotlcz mother Pamela Tune. During the call, an agent/employee of ECM advised Koltcz mother, Pamela Tune that ECM was attempting to contact Koltcz regarding an

unpaid debt to Citibank, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692b(1), 1692(2), 1692c(b), 1692d,and 1692f amongst others.

12. Shortly after contacting Koltcz mother, Pamela Tune, ECM contacted Koltcz at her home.

13. During the call to Koltcz, an unidentified agent/employee of ECM demanded that Koltcz make payment in full immediately. When Koltcz advised that she was unable to make payment in full immediately the ECM agent/employee advised her that ECM would be filing a lawsuit against her immediately and stated "You know what they do to people who steal," implying that Koltcz committed a criminal act, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, 1692e92), 1692e(3), 1692e(40, 1692e(5), 1692e(7), 1692e(10) and 1692f amongst others.

14. Following Defendants threats Koltcz requested that ECM provide her with documentation concerning the alleged debt. The ECM agent/employee responded, "I don't need to send you paperwork, I don't owe you anything, you owe me!" The ECM employee then continued making false and deceptive statements to Koltcz stating, " I just got off the phone with your father and he wants you to be a good person and pay your debt, he even said if you asked nicely he would loan you the money." Defendant's statements violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

15. In or around February or March 2007, Defendants ECM, JBR and Cassidy filed suit in Marion County, Indiana against Koltcz for the alleged debt. Defendants did so with knowledge that the debt did not arise in, nor did Koltcz reside in the State of Indiana, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(10), 1692f and 1692i(a)(2) amongst others.

16. Following filing the suit Defendants ECM, JBR and Cassidy moved the Court for entry of a default judgment against Koltcz. Plaintiff believes that in order to obtain said default judgment Defendants made false statements to the Court of Marion County. Indiana, in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10) and 1692f amongst others.

17. As a result of Defendants actions Plaintiff has been required to retain counsel to defend against Defendants improper and illegal practices, causing her actual damages and out-of-pocket expenses.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

21. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692 et seq.**

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;
- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

Respectfully submitted,

Dated: July 3, 2007

**RAPA LAW OFFICE, P.C.**

By: s/jr1052

Jason M. Rapa, Esquire
Attorney for Plaintiff
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiffs

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Kimberly Koltcz f/k/a Kimberly Tune, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Kimberly Koltcz f/k/a Kimberly Tune